UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MORRIS JACKSON, | ) | Case No.: 5:09 CV 1467 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| KEITH SMITH, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Petitioner Morris Jackson's ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to § 2254 ("Petition"). (Pet. for Writ of Habeas Corpus, ECF No. 1.) For the following reasons, the court denies the Petition.

**I. FACTUAL AND PROCEDURAL HISTORY**

On June 15, 2009, Petitioner filed the instant Petition challenging the constitutionality of his November 21, 2005 convictions for two counts of aggravated robbery with firearm specifications; one count of grand theft of a motor vehicle; one count of attempted kidnaping with firearm specification; and the sentence received thereunder. (*See* Nov. 21, 2005 Judgment Entry, Resp't's Ex. 5, ECF No. 8-1., at 14–16.) Petitioner was sentenced on November 18, 2005, to an aggregate term of thirty-two years and six months pursuant to former Ohio sentencing provisions. (November 28, 2005 Judgment Entry, Resp't's Ex. 6, Doc. 8-1, at 17–22). The Ohio Supreme Court subsequently found the underlying sentencing scheme unconstitutional in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). The court of appeals affirmed Petitioner's convictions, but remanded for resentencing in accord with Foster. *See State v. Jackson*, No. 2005 CA 309, 2006 WL 3718286

(Ohio Ct. App. 5 Dist. Dec. 18, 2006), *appeal not allowed*, 865 N.E.2d 914 (Ohio May 2, 2007) (table decision).

On June 15, 2007, the state trial court resentenced Petitioner to the same aggregate prison term. (Judgment Entry 168-71, Resp't's Ex. 17, ECF No. 8-1.) Petitioner appealed and the state appellate court remanded the case on July 28, 2008, for a second resentencing hearing based on the trial court's failure to advise the Petitioner of post release control obligations. *See State v. Jackson*, No. 2007 CA 204, 2008 WL 2955395 (Ohio App. 5 Dist July 28, 2008). The state appellate court overruled Petitioner's other assignments of error with respect to the resentencing. The Ohio Supreme Court denied Petitioner's motion for a delayed appeal of the July 28, 2008 decision. *See State v. Jackson*, 897 N.E.2d 650 (Ohio Dec. 3, 2008) (table decision). Meanwhile, on August 18, 2008, the state trial court sentenced Petitioner for the third time, once again to the same aggregate thirty-two year, six-month sentence. (Judgment Entry 310–14, Resp't's Ex. 25, ECF No. 8-1.) Petitioner did not appeal this sentence.

In the instant Petition, Petitioner alleges nine grounds for relief :

**Ground One**: Trial court erred in granting appellant[']s motion to spp [sic] suppress. Due process violation under the 14th and 15th [A]mend[ment] [r]ight against self-incrimination, 5th&6th [A]mend[ment] U.S. Const[ution].

**Ground Two**: Trial court[']s finding of guilt were against sufficient evidence. Due procees [sic] violation of 14th [A]mend[ment] U.S. Const[ution].

**Ground Three**: Trial court erred in not finding aggr[avated] robbery to be allied offense to the related charge of att[empted] kidnapping [sic]. Due process violation 14th [A]mend[ment] violation under 5th [A]mend[ment] [U].[S]. [C]onst[ution] double jeopardy.

**Ground Four**: Trial court erred in sentencing appellant to more than minimum-maximum consecutive prison terms when statutes imposed were

- 2 -

not available to the court at the time the offenses were committed. Due process and Ex Post Facto clause of the Ohio and U.S. Const[ution].

**Ground Five**: Trial court erred in sentencing petitioner to more than minimum-maximum, consecutive prison terms with no additional fact finding [ ] made by the jury. Violation of due process clause of the 14th [A]mend[ment].

**Ground Six**: Trial court erred in sentencing petitioner to more minimum-maximum, consecutive prison terms when he had neither actual nor constructive notice that those sentences were a possible punishment for the offense. Violation of the Due process.

**Ground Seven**: Trial court erred when it sentenced appellant to more than minimum-maximum, consecutive sentences. Based on the Ohio Supreme Court[']s severence [sic] of the offending provisions under Foster. Which was an act in violation of the seperation [sic] of Powers.

**Ground Eight**: Trial court erred in sentencing defendant-petitioner to more than minimum-maximum prison terms consecutively, when the rule on lenity dictated a lesser penalty. Due process violation.

**Ground Nine**: Trial court erred in sentencing defendant-petitioner to more minimum-maximum consecutive prison terms when the legislatures [sic] drafting the provisions demonstrated intent to limit judicial discretion to impose such sentences. Due process violation.

(Pet. 6–18, ECF No. 1.)

The court assigned Petitioner's case to Magistrate Judge James R. Knepp, II ("Judge Knepp") for preparation of a Report and Recommendation ("R&R") on the Petition. On September 21, 2010, Judge Knepp issued his R&R and recommended that the Petition be denied with respect to Grounds One, Two, and Four through Nine, and granted with respect to Ground Three "to the limited extent of remanding this case to the Stark County Court of Common Pleas for sentencing due to the violation of federal double jeopardy in the imposition of multiple punishments for aggravated robbery and kidnapping, contrary to the Ohio's [sic] legislature's intent." (Report and

Recommendation 29, ECF No. 13.) Both Petitioner and Respondent Keith Smith ("Respondent") filed Objections. ( Pet'r's Objections, ECF No. 14; Resp't's Objections, ECF No. 15.) Petitioner objected to Judge Knepp's recommendation to deny Grounds One and Two. (Pet'r's Objections 1–5, ECF No. 14 .) Respondent objected to Judge Knepp's *de novo* review of Grounds Two and Three; Judge Knepp's recommendation that this court issue a conditional writ with respect to Ground Three; and to Judge Knepp's reasoning supporting the denial of Grounds Four through Nine. ( Resp't's Objections 2, ECF No. 15.)

For the following reasons, the court adopts in part and rejects in part Judge Knepp's R&R, and denies the Petition in its entirety.

## II. LEGAL ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996, 100 Stat. 1214 (1996) ("AEDPA"), a federal court reviewing the merits of a state prisoner's habeas corpus petition can not grant the petition unless the state court's adjudication of a claim on the merits: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) " was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The clause "contrary to" permits a federal court to grant a writ of habeas corpus if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). The clause "unreasonable application" permits a federal court to grant a habeas corpus petition if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of

the prisoner's case." *Id*. at 413. The "unreasonable application" analysis is an objective inquiry, and a federal court may not issue the writ based on its independent conclusion that the state court's determination was erroneous or incorrect. *Id*. Rather, a *habeas* court may issue a writ of habeas corpus only if the state court's application of clearly-established federal law was objectively unreasonable. *Id*. at 409–11.  The clause "clearly established Federal law" alludes to "the holdings, as opposed to the dicta, of [the Supreme] Court's decision as of the time of the relevant state-court decision." *Id*. at 412. A state court's findings of fact are presumed to be correct unless the petitioner meets his "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## A. GROUND ONE

Ground One challenges the state trial court's decision to admit into evidence statements made by Petitioner during a police interrogation shortly after the alleged, attempted bank robbery. (Pet. 6, ECF No. 1.) Petitioner argues that the police violated his Fifth Amendment right to counsel by continuing interrogation after he had requested an attorney. (Res'p's Traverse 5–20, ECF No. 11.) Petitioner contends that the trial court should have granted his motion to suppress statements made during the interrogation because of the violation. The trial court denied Petitioner's motion to suppress, and admitted the following statements into evidence: (1) that Petitioner wanted to work out a deal with the prosecutor; (2) that in the interview room, Petitioner asked if an officer had been shot; (3) that if Petitioner "hadn't run out of gas that day, none of this would have happened"; and (4) that Petitioner never would have shot anybody because he did not put a round in the chamber of his gun. *Jackson*, 2006 WL 3718286, at ¶¶ 10, 20. The state court of appeals affirmed the trial court's decision and reasoned:

{¶ 23} In light of Lawver's [a Canton Police Officer] testimony, appellant's statement that "maybe" he should get a lawyer falls short of an "unambiguous or unequivocal" request for counsel and invocation of his right to remain silent. See *State v. Murphy* (2001), 91 Ohio St. 3d 416, 520, 747, N.E.2d 765. The court did not accept appellant's version of the non-taped interview, and we will not herein substitute our judgment therefore, as the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. Cf. *State v. Curren*, Morrow App. No. 04 CA 8, 2005-Ohio-4315, f.n. 2, citing *State v. DeHass* (1967), 10 Ohio St. 2d 230, 227 N.E.2d 212. Because appellant's request was not unambiguous or unequivocal, we conclude the detectives had no obligation to cease their questioning at that point. See *Davis v. United States* (1994), 512 U.S. 454, 456-457.

*Id.* at ¶ 23.

In his R&R, Judge Knepp recommended that this court dismiss Ground One. Judge Knepp determined that the state court of appeals cited and applied clearly established Federal law, *Davis v. United States*, 512 U.S. 454 (1994), and that *Davis* was reasonably applied to the facts of Petitioner's case. (R&R 10–11, ECF No. 13.) Judge Knepp further found that the court of appeals' factual finding that Petitioner's request for counsel was not unambiguous or unequivocal must be presumed correct and that Petitioner has not rebutted the state court's finding by clear and convincing evidence. (*Id.* (quoting *Mitzel v. Tate*, 267 F.3d 524, 537 (6th Cir. 2001)).)

In his Objection, Petitioner challenges both the factual and legal conclusions of the state court of appeals regarding the violation of his Miranda rights. He argues that the evidence shows that he requested counsel three times and that these requests were "blantly [sic] ignored." (Pet'r's Objections 2, ECF No. 14.) Petitioner further argues that his request that the tape be removed from the tape recorder and his refusal to sign a waiver support his testimony that he requested counsel during the interrogation. (*Id.*) Petitioner cites three portions of his testimony from suppression hearing and attached the transcript of his testimony to his Objection. (*Id.*) This court reviewed these

- 6 -

portions of his testimony, and only one of the portions referred to his request for counsel. (*Id.* (citing to Pet'r's Ex. 1,Tr. of Suppression Hearing 47, lines 1–7, 10; 52, lines 7, ECF No. 14-1).) This portion of Petitioner's testimony was at the very end of Petitioner's direct examination at the suppression hearing. (Pet'r's Ex. 1 at 10–13, Tr. 51–52, ECF No. 14-1.) Petitioner testified that, during the interrogation, he asked the Canton Police to take the tape out of the tape recorder and then requested a lawyer. While Petitioner may proffer evidence to rebut the trial court's findings of fact, state court determinations are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). As the court of appeals noted in rejecting Petitioner's *Miranda* violation claim, "the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses." *Jackson*, 2006 WL 3718286, at ¶ 23. Petitioner's own competing testimony at the suppression hearing falls far short of meeting the standard for rebuttal under § 2254(e)(1). *See Davis v. Jones*, 306 Fed. App'x 232, 236 (6th Cir. 2009) ( "While the record shows that the state trial court *could* have reached contrary conclusions in its findings, it does not establish, by clear and convincing evidence, that the court *must* have reached contrary conclusions.") (emphasis in original). Finally, the court notes that while certain conduct by Petitioner may be indicative of an unwillingness to cooperate with the police and waive certain rights, i.e. his insistence that police remove the tape from the recorder and his refusal to sign a waiver, Petitioner's suppression testimony to this effect does not clearly and convincingly show that the state court erred in finding Petitioner did not unambiguously request for counsel. This court agrees with Judge Knepp's conclusion that the state court determination was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Petitioner also argues that the court of appeals' legal determination was contrary to

- 7 -

applicable precedent. Petitioner does not argue that the state court of appeals cited the wrong clearly

established Federal law, but instead cites two Second Circuit cases, and a Supreme Court case, none

of which support his argument, and only one of which is clearly established Federal law.  (Pet'r's

Objections 3, ECF No. 14 (citing *United States v.  Plugh*, 576 F.3d 135, 144 (2d Cir. 2009)

(distinguishing *Davis* and holding defendant who refused to sign waiver was entitled to prophylaxis

barring police questioning), *rev'd*, 648 F.3d 118 (2d Cir. 2011) (holding refusal to sign waiver not

unambiguous invocation of *Miranda* rights); *United States v. Ramirez*, 79 F.3d 298, 305 (2d Cir.

1996) (affirming district court determination that defendant did not invoke right to remain silent);

and *Michigan v. Mosley*, 423 U.S. 96 (1975)).). The one case that qualifies under § 2254 as clearly

established Federal law, *Michigan v. Mosley*, is inapposite. In *Mosley*, the Supreme Court reversed

the state court of appeals' decision that the trial court should have suppressed the defendant's

confession to a murder made during a police interrogation. 423 U.S. at 96. The defendant, having

been arrested for robbery, was advised of his Miranda rights and questioned by the police. *Id*. at 97.

The defendant invoked his right to remain silent. *Id*.  Afterward, the defendant was separately

questioned by a different police officer, in a different location,  about a murder. *Id*. at 98. The

defendant was read his Miranda rights again, but did not invoke his rights.  *Id*.  During this police

interrogation, the defendant implicated himself in the homicide. *Id*. At his trial, the state trial court

rejected the defendant's argument that the invocation of his rights during the interrogation for the

robbery carried over to the second interrogation regarding a murder. *Id*. at 99. The Supreme Court

agreed, and held, the right to remain silent did not create a "per se proscription of indefinite

duration" against police questioning. *Id*. at 102–03. The police officer who conducted the second

interrogation did not violate the defendant's right to remain silent when his right was invoked in the

first interrogation, where there was a two-hour lapse in time between the two interrogations, and the second interrogation was unrelated to the first. *Id*. at 104–06. Here, Petitioner is claiming that his right to counsel under the Fifth Amendment was violated. The right to counsel is addressed in *Davis*. In *Davis*, the Supreme Court held:

> We held in *Miranda* that a suspect is entitled to the assistance of counsel during custodial interrogation even though the Constitution does not provide for such assistance.  We held in *Edwards* that if the suspect invokes the right to counsel at any time, the police must immediately cease questioning him until an attorney is present.  But we are unwilling to create a third layer of prophylaxis to prevent police questioning when the suspect *might* want a lawyer. . . .
> . . .
> The courts below found that petitioner's remark [ ] —"Maybe I should talk to a lawyer"—was not a request for counsel, and we see no reason to disturb that conclusion.  The NIS agents therefore were not required to stop questioning petitioner. . . .

512 U.S. at 462.

The state court of appeals applied the *Davis* holding, along with state supreme court precedent, and concluded that Petitioner's statement "that 'maybe' he should get a lawyer falls short of an 'unambiguous or unequivocal' request for counsel" and thus "detectives had no obligation to cease their questioning at that point." *Jackson*, 2006 WL 3718286, at ¶ 23. In so holding, the court of appeals deferred to the trial court's credibility determinations. This was not an unreasonable application of clearly established Federal law, nor has Petitioner rebutted the state court findings by clear and convincing evidence. The court therefore adopts Judge Knepp's recommendation with respect to Ground One and denies Petitioner's claim.

## B. GROUND TWO

Ground Two challenges the sufficiency of the evidence used to convict Petitioner.  Petitioner

- 9 -

asserts that there was not enough evidence to identify him as the perpetrator because: (1) the police checked for his fingerprints on a van associated with the crimes and the check came back negative; and (2) several witnesses at the scene could not identify him. (Pet. 8, ECF No. 1.) In Petitioner's direct appeal, the state court of appeals rejected Petitioner's sufficiency of the evidence argument and reasoned:

> {¶ 25} In his Second Assignment of Error, appellant contends his convictions are not supported by the sufficiency of the evidence and are against the manifest weight of the evidence. We disagree.
>
> {¶ 26} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: " * * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St. 3d 259, 273, 574 N.E.2d 492.
>
> {¶ 27} Appellant first generally challenges the sufficiency of the evidence of all four of his conviction by raising the issue of identification of the perpetrator. We are cognizant that only passerby Trudy Atkins made a positive identification of appellant being at the scene. Although she first told the officers she "felt" appellant was the man she saw running from the scene, she testified at trial in pertinent part as follows:
>
> {¶ 28} " * * * When he pulled out and turned around and looked, we were right behind him. And then later on, he turned around and looked. I didn't - - I couldn't obviously tell for sure that it was him at that point. But when he pulled out of Milk & Honey, and turned around and looked, it was definitely him, yes. We were close enough I could see him definitely." Tr. at 205.
>
> {¶ 29} Appellant also urges that "[e]vidence that the appellant attempted to kidnap Sara Bineger was completely absent." Appellant's Brief at 9.  The relevant statute is R.C. 2905.01(A)(2) which sets forth: "No person, by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:  * * * To facilitate the commission of any felony or flight thereafter * * *."
>
> {¶ 30} Bineger testified that she was leaving a photography business next to the Milk and Honey when a man with a mask pushed up on his forehead opened her car door, brandishing a gun. The man ordered her to "scoot over," even though she initially pleaded that she could not get past the gearshift and

console. The man then partially sat on her lap, until she managed to crawl over into the passenger seat, hurting her leg and knee in the process, before escaping out the passenger door. See Tr. at 218, et. seq. In light of such testimony, we find appellant's sufficiency challenge to the attempted kidnapping conviction without merit.

{¶ 31} In considering an appeal concerning the manifest weight of the evidence, our standard is as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered ." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. *See, also, State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717.

{¶ 32} As previously recited, the State introduced, inter alia, the testimony of eyewitnesses Walter Murray, Officer Gilmore, Trudy Akins, Sara Bineger, and Jim Bracken. We have reviewed this evidence, along with the trial evidence of appellant's incriminating statements to Canton police and the circumstantial evidence regarding appellant's abandoned vehicle just blocks from the bank, as well as his friendship with fellow perpetrator Daniel Ivery, and we do not find the result of the trial led to a manifest miscarriage of justice. We hold appellant's convictions were not against the manifest weight of the evidence

*Jackson*, 2006 WL 3718286, at ¶¶ 25–30.

Judge Knepp recommended that this court dismiss Petitioner's Second Ground for habeas relief. Judge Knepp determined that "despite little direct evidence of the perpetrator's identification," there existed sufficient evidence to support Petitioner's convictions. (R&R 16, ECF No. 13.) In making his determination, Judge Knepp applied a *de novo* standard of review because he found that the court of appeals did not address Petitioner's sufficiency of the evidence argument and did not apply federal law to Petitioner's argument. (*Id.* at 14–15.) Judge Knepp further reasoned that even though the court of appeals "focused exclusively on [Petitioner's] alternative – Ohio law-

based – manifest weight of the evidence argument," this did not amount to an adjudication of the federal due process claim because "[u]nder Ohio law, a sufficiency of the evidence claim is not the same as a claim that the verdict is not supported by the manifest weight of the evidence." (*Id.* at 14 (citing *State v. Elmore*, 111 Ohio St. 3d 515, 522 (2006)).)

Petitioner objects to Judge Knepp's recommendation and raises several issues, all of which were not raised in state court on direct review, and thus are procedurally defaulted for the purposes of this court's review. (Resp't's Objections 6, n.1, ECF No. 15.)[1] Petitioner ultimately contends that the facts at trial "were unjust and insufficiently weighed." (Pet'r's Objections 5, ECF No. 14.)

Respondent does not object to Judge Knepp's conclusion—that Ground Two should be dismissed—but argues that, contrary to Judge Knepp's opinion, Petitioner did raise, and the state court of appeals did analyze, a sufficiency of the evidence claim. (Resp't's Objections 5, ECF No. 15.) The court agrees with Respondent that Petitioner did raise a sufficiency of the evidence claim in his direct appeal (*see* Br of Def./Appellant 8–9,Resp't's Ex. 8, ECF No. 8–1, at 36–37), and that the state court of appeals did address the claim. *Jackson*, 2006 WL 3718286, at ¶¶ 25–30.

---

[1]     The arguments not presented to a state court on direct review are: (1) that a police officer's "pure speculation" that two masked men are about to rob a bank is insufficient evidence for a conviction; (2) that Petitioner never entered the bank which is a "material element" for the attempted crime; (3) that the only evidence to support conviction is a Canton police officer's testimony, Bruce Lawver, and one eyewitness testimony; (4) that Bruce Lawver's testimony is contradicted by two witnesses' testimony; and (5) that expert testimony regarding the reliability of eyewitness identification would have helped the jury. These arguments are procedurally defaulted because Petitioner did not present them to the state courts. *See Gray v. Netherland*, 518 U.S. 152, 161 (1996) ("Title 28 U.S.C.S. § 2254(b) bars the granting of habeas corpus relief unless it appears that the applicant has exhausted the remedies available in the courts of the state.")

The Due Process Clause of the Fourteenth Amendment protects a criminal defendant against conviction of a crime unless there exists "proof beyond a reasonable doubt of every fact necessary to constitute the crime." *In re Winship*, 397 U.S. 358, 364 (1970). Under clearly established Federal law, a conviction is supported by sufficient evidence if, when "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original) (citation omitted).

In Petitioner's case, the state court of appeals did not cite to *Jackson v. Virginia*, the Supreme Court case that sets forth the standard for sufficiency of evidence claims. Instead, the state court of appeals cited *State v. Jenks*, 574 N.E.2d 492 (Ohio 1991). In *Jenks*, the Ohio Supreme Court adopts *Jackson*'s sufficiency of the evidence standard, holding that the inquiry for this claim is "after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." 57 N.E.2d at 503 (citing *Jackson*, 443 U.S. at 319). Although the state court of appeals did not cite to *Jackson*, a "state court decision need not cite Supreme Court cases, or even evince an awareness of Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Williams v. Bagley*, 380 F.3d 932, 942 (6th Cir. 2004) (quoting *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)).

Thus, this court's review is governed by the deferential standard of review set forth in 28 U.S.C. § 2254(d). The Sixth Circuit has held that, in reviewing a petitioner's constitutional challenge to the sufficiency of the evidence used to convict him, the habeas court is "bound by two layers of deference to groups who might view facts differently than we would." *Brown v. Koneth*, 567 F.3d

- 13 -

191, 205 (6th Cir. 2009). First, the court must determine whether, "viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). In doing so, however, the court does not "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury." *Id.* The court must uphold the jury verdict "if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution." *Id.* Second, even if the court were to conclude that a rational trier of fact court not have found the petitioner guilty of the charge, "we must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Id.* (emphasis in original) (citing 28 U.S.C. § 2254(d)(2)). Thus, the court may not "even inquire whether any rational trier of fact would conclude that petitioner" was guilty of the charged offenses, and must only "determine whether the Ohio Court of Appeals itself was unreasonable in *its* conclusion that a rational trier of fact could find [petitioner] guilty beyond a reasonable doubt based upon the evidence introduced at trial." *Id.* (citations omitted); *see also Saxton v. Sheets*, 547 F.3d 597, 601–02 (6th Cir. 2008).

In his appeal to the Ohio Court of Appeals, Petitioner's sufficiency claim consisted of challenges to the prosecution's reliance on "one questionable eyewitness identification with no corroborating evidence" for the purpose of establishing the identification of the perpetrator, and to the testimony of the alleged victim of the attempted kidnapping, Sara Binegar, who testified "only that the suspect told her to 'scoot over' although in her original statement to police she reported that the suspect told her to 'scoot over or get out.'" (Br. of Def.–Appellant 9, Resp't's Exh. 8, ECF No. 8-1, at 37.)

- 14 -

Under Ohio law, O.R.C. § 2911.01(A)(1), which governs aggravated robbery, states "No person, in attempting or committing a theft offense . . . or in fleeing immediately after the attempt or offense . . . shall . . . [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it." The aggravated theft statute provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services . . . [w]ithout the consent of the owner or person authorized to give consent." O.R.C. § 2913.02(A)(1). Lastly, under Ohio's attempt statute, "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." O.R.C. § 2923.02(A). The kidnapping statute in turn provides that "[n]o person, by force, threat, or deception . . . shall remove another from the place where the other person is found or restrain the liberty of the other person . . . [t]o facilitate the commission of any felony or flight thereafter." O.R.C. § 2905.01(A).

As noted above, on direct appeal, the Ohio Court of Appeals rejected Petitioner's general challenge as to the issue of his identification and cited to the trial testimony of passerby Trudy Atkins that "it was definitely him, yes. We were close enough I could see him definitely." *Jackson*, 2006 WL 3718286, at ¶ 28. Petitioner's claim is essentially an attack on the credibility of the witness, but "[l]ooking at the case in the light most favorable to the prosecution . . . mean[s] resolving credibility conflicts in favor of the prosecution." *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983) (citing *Jackson*, 443 U.S. at 319). Moreover, "[a]ttacks on witness credibility are simple challenges to the quality of the government's evidence and not the sufficiency of the evidence." *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006). Courts, however, have found application

- 15 -

of the *Jackson* standard objectively reasonable even where only one witness's testimony implicates the petitioner as the perpetrator.  *See, e.g.*, *Foxworth v. St. Amand*, 570 F.3d 414, 426–429 (1st Cir. 2009) (finding no unreasonable application of *Jackson* standard where testimony of one witness "is the only evidence that directly implicates the petitioner as the shooter" because testimony "placed the petitioner at the scene of the murder and identified him as the shooter"); *McFowler v. Jaimer*, 349 F.3d 436, 455 (7th Cir. 2003) ("Notwithstanding our doubts, we do not believe we can characterize the Illinois Appellate Court's decision sustaining the sufficiency of the evidence underlying McFowler's conviction as objectively unreasonable.") In this case, the court finds that the court of appeals' decision regarding Petitioner's general challenge to the sufficiency of the evidence for all four convictions  was not contrary to *Jackson*, nor did it involve an objectively unreasonable application of the *Jackson* standard, particularly in light of the other evidence presented at trial bearing on the issue of identification of the perpetrator, including Petitioner's statements.

The same holds for Petitioner's more specific sufficiency challenge with respect to the attempted kidnapping conviction. Petitioner's claim is, at bottom, a credibility challenge, but "[a]n assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir.2000). As with Petitioner's general claim regarding the issue of identification, the Ohio Court of Appeals rejected Petitioner's challenge to the testimony upon which the attempted kidnapping conviction rested. *Jackson*, 2006 WL 3718286, at ¶¶ 29–30. Again, the court finds that the court of appeals' decision on this issue was not contrary to *Jackson*, nor did it involve an unreasonable application of *Jackson*. Moreover, the court notes that, in deciding Petitioner's manifest weight of the evidence claim, the court of appeals addressed the rest of the

- 16 -

evidence produced at trial to support the conviction. *Id.* at ¶ 32; *see also Nash v. Eberlin*, 258 Fed. App'x. 761, 765 (6th Cir. 2007) (finding "determination by the Ohio Court of Appeals that the conviction was supported by the manifest weight of the evidence necessarily implies a finding that there was sufficient evidence"). The state appellate court's sufficiency determination was not objectively unreasonable, and accordingly, this court adopts Judge Knepp's ultimate recommendation to deny Ground Two.

### C. GROUND THREE

Ground three challenges the trial court's determination that attempted kidnapping and aggravated robbery are not allied offenses for the purposes of determining whether cumulative punishments are permissible. (Pet. 9, ECF No. 1.) Petitioner asserts that attempted kidnapping and aggravated robbery may be allied offenses when "the restraint of the victim is merely incidental to the crime of robbery." (*Id.*) Petitioner contends that his consecutive sentences for attempted kidnapping and aggravated robbery violate both Ohio's multiple counts statute, O.R.C. § 2941.25, and the Federal Constitution's Double Jeopardy Clause. (Pet'r's Traverse 26–29, ECF No. 11.)

The state court of appeals affirmed the trial court's determination that attempted kidnapping and aggravated robbery are *not* allied offenses, and reasoned:

> {¶ 35}In considering whether offenses are allied offenses of similar import, the Ohio Supreme Court has stated that rather than analyzing the offenses in light of the specific facts of the case, the elements of the offenses are to be compared in the abstract. *State v. Rance* (1999), 85 Ohio St.3d 632, 1999 Ohio 291, 710 N.E.2d 699.

> {¶ 36}In *State v. McCoy*, Licking App.No. 05-CA-29, 2006-Ohio-56, we considered a nearly identical question and found aggravated robbery and kidnapping are not allied offenses of similar import.

> {¶ 37}Appellant's Third Assignment of Error is overruled pursuant to our precedent in *McCoy*.

- 17 -

*Jackson*, 2006 WL 3718286, at ¶¶ 35–37.

In his R&R, Judge Knepp first determined that Petitioner was not procedurally barred from raising the Double Jeopardy claim for habeas review. (R&R 17–18, ECF No. 13.) Although Petitioner did not explicitly raise his Double Jeopardy claim before the state courts, he did raise an allied offense claim, which Judge Knepp reasoned is "the substantial equivalent of his Double Jeopardy claim." (*Id.* at 18.) Judge Knepp concluded that, through his allied offense claim, Petitioner fairly presented his Federal Constitutional claim before state courts. In his review of the state court of appeals' decision, however, Judge Knepp determined that the court did not apply clearly established Federal law. (*Id.* at 21–22.) Judge Knepp therefore analyzed Petitioner's ground under a *de novo* standard of review, ultimately concluding that Petitioner's Double Jeopardy rights were violated because attempted kidnapping and aggravated robbery were allied offenses under state law. (*Id.* at 25.)

In his Objection, Respondent argues that Judge Knepp erred in applying a *de novo* standard of review to Petitioner's claim. He contends that the state court of appeals did address Petitioner's Double Jeopardy argument. (Resp't's Objections 7–9, ECF No. 15.) Respondent asserts that both O.R.C. § 2941.25 and *State v. Rance*, 710 N.E.2d 699 (Ohio 1999) use the framework established in *Blockburger v. United States*, 284 U.S. 299 (1932). (*Id.*) Respondent further claims that inasmuch as the state court of appeals reached its decision on the basis of state court interpretations of state law, this court must defer to the court of appeals' finding that cumulative punishments were permissible in Petitioner's case. (*Id.* at 10.)

The Fifth Amendment's prohibition of double jeopardy protects criminal defendants from: (1) "a second prosecution for the same offense after acquittal;" (2) "a second prosecution for the

- 18 -

same offense after conviction;" and (3) "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). For the third protection, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). When legislative intent is unclear from the criminal statutes, a court will apply the standard set forth in *Blockburger*, 248 U.S. at 304. Under the *Blockburger* standard, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id*. If a state legislature has spoken on the issue of cumulative or multiple punishments, however, then the *Blockburger* rule does not apply. *Garrett v. United States*, 471 U.S. 773, 779 (1985) ("[T]he *Blockburger* rule is not controlling when the legislative intent is clear from the face of the statute or the legislative history.")

The Ohio legislature codified its intent regarding cumulative punishments in O.R.C. § 2941.25. Section 2941.25, Multiple Counts, authorizes cumulative punishment under certain circumstances, and provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

As a preliminary matter, this court agrees with Judge Knepp that Petitioner is not procedurally barred from raising Ground Three in the instant petition. *See Palmer v. Haviland*, No.

- 19 -

C-1-04-28, 2006 WL 1308219, * 6 (S.D. Ohio May 11, 2006), *aff'd* 273 F. App'x 480, 483 n. 3 (6th Cir. 2008) (petitioner fairly presented Double Jeopardy claim to state courts where allied offense argument raised); *see also Fortner v. Warden*, No. 2:09-cv-977, 2010 WL 1839041, at * 4 (S.D. Ohio May , 2010) (same). Respondent, however, objects to Judge Knepp's application of a *de novo* standard of review rather than the deferential standard set forth in 28 U.S.C. § 2254(d)(1). (Resp't's Objections 9, ECF No. 15.) Judge Knepp reviewed Ground Three *de novo* having found that there was "no decision on the federal claim or an indirect decision." (R&R 22, ECF No. 13.) The court disagrees with Judge Knepp's finding insofar as the state court addressed Jackson's double jeopardy argument through application of Ohio R.C. § 2941.25. As the Supreme Court of Ohio explained in *Rance*, "the comparison of elements of offenses outlined in *Blockburger is reflected in* R.C. § 2941.25(A)" and therefore "cases discussing and applying *Blockburger* are helpful, though not controlling, in examination of Ohio law." *Rance*, 701 N.E.2d at 703 (emphasis added). Because the state court of appeals did address the Double Jeopardy argument, the deferential standard of review set forth in 28 U.S.C. § 2254(d)(1) applies.

Pursuant to § 2254(d)(1), the court must determine whether the state court's decision on the merits of Petitioner's claim is contrary to, or involved an unreasonable application of, clearly established Federal law. In its decision, the state court of appeals relies primarily on two state cases —*State v. Rance*, 710 N.E.2d 699 (Ohio 1999) and *State v. McCoy*, No. 05-CA-29, 2006 WL 39100 (Ohio Ct. App. 5 Dist. Jan. 5, 2006). First, the court restated the *Rance* standard for determining whether offenses are of similar import. *Jackson*, 2006 WL 3718286 at ¶ 35. Second, the court relied on *McCoy*, a decision that applied both O.R.C. § 2941.25, Ohio's multiple counts statute, and *Rance* to find that aggravated robbery and kidnapping are not allied offenses of similar import. *Id.* at ¶¶

- 20 -

36–37. The court in *McCoy* held that the two crimes were not allied offenses of similar import because "[e]ach of the crimes require[s] proof of an element not included in the other." *McCoy*, 2006 WL 39100, at ¶117 (citing O.R.C. § 2911.01(A)(1), aggravated robbery, which requires proof of the defendant brandishing a deadly weapon to facilitate theft, and O.R.C. § 2905.01, kidnapping, which requires proof that the victim be removed from a place where the victim was found or restrained of her liberty.) The court based its holding on O.R.C. § 2941.25 and the holding in *Rance* that "[i]f the elements [of the crimes] do not so correspond, the offenses are of dissimilar import and the court's inquiry ends; multiple convictions are permitted." 710 N.E.2d at 703.

The state court of appeals thus rooted its decision in state court interpretations of state statutes. The Sixth Circuit has held that a federal court "cannot independently apply typical rules of statutory construction, including the *Blockburger* test, to a state statute and conclude that the state courts were wrong in their reading of legislative intent." *Palmer*, 273 Fed. App'x at 486. Consequently, "[u]pon recognizing that Ohio courts have clearly answered the question of legislative intent, our role is at an end." *Id. See also Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989) ("[F]or purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination."); *McCloud v. Deppisch*, 409 F.3d 869 (7th Cir. 2005) ("State law errors normally are not cognizable in habeas proceedings . . . and the fact that the state court's interpretation of state law happens to be central to the double jeopardy analysis does not permit us to review the [state] Court of Appeals' construction of [state] law.") (internal citation omitted). Because the court of appeals' decision rested on state interpretations of state law, this court must defer to that determination.

Since Petitioner's conviction became final, Ohio law regarding the issue of allied offenses

under O.R.C. § 2941.25 has changed considerably. At the time of Petitioner's conviction, the standard for determining whether crimes were allied offenses of similar import was set forth in *State v. Rance*, where, as noted above, the Ohio Supreme Court held that the test under § 2941.25(A) is whether "the elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other." 710 N.E.2d at 703. The Court further held that the statutory elements must be compared "in the abstract." *Id.* If the elements do correspond such that the offenses are allied offenses of similar import, O.R.C. § 2941.25(B) prohibits punishment for both unless "the court finds that the defendant committed the crimes separately or with separate animus." *Id.* at 705

Applying the *Rance* test, the Ohio Supreme Court held in 2009 that kidnapping and aggravated robbery *are* allied offenses of similar import as defined by O.R.C. § 2941.25. *State v. Winn*, 905 N.E.2d 154, 158 (Ohio 2009). Further, in 2010 the Ohio Supreme Court revisited and overruled *Rance*, holding that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *State v. Johnson*, 942 N.E.2d 1061, 1069 (Ohio 2010). Under this approach, the court "must determine prior to sentencing whether the offenses were committed by the same conduct." *Id.* at 1070. If "the multiple offenses can be committed by the same conduct . . . [and] were committed by the same conduct, i.e., a single act, committed with a single state of mind . . . then the offenses are allied offenses of similar import and will be merged." *Id.* (internal quotation omitted). Both *Winn* and *Johnson* were decided after Petitioner's August 2008 resentencing.  As noted by Judge Knepp, under Ohio law, this court cannot retroactively apply new judicial rulings on convictions that have become final. (R&R 24, ECF No. 13, (quoting *Ali v. State*, 819 N.E.2d 687, 689 (Ohio 2004)).

- 22 -

In conducting a *de novo* review of Ground Three, Judge Knepp reached his decision upon reviewing *dicta* in Ohio Supreme Court case law predating *Winn*, as well as Ohio Supreme Court cases determining whether aggravated robbery and kidnapping are allied offenses in different contexts, such as for purposes of capital sentencing specifications. (*Id.* at 22–25.) However, as the Sixth Circuit has noted, "[w]hether the state court's reading was in some sense 'correct' [is] beyond the federal court's 'purview as an interpretation of state law.'" *Palmer*, 273 Fed. App'x at 486 (citing *McCloud*, 409 F.3d at 876). Because the court of appeals applied Ohio law that comports with clearly established Federal law, its decision was not contrary to, or an unreasonable application of Federal law. The court therefore rejects Judge Knepp's recommendation with respect to Ground Three and denies Petitioner's claim under Ground Three.

### D. GROUNDS FOUR THROUGH NINE

Grounds Four through Nine all are regarding Petitioner's August 18, 2008 resentencing. Judge Knepp determined that, even though Petitioner did not appeal his 2008 resentencing, Petitioner was not required to exhaust Grounds Four through Nine. (R&R 4, ECF No. 13.) Judge Knepp reasoned that an appeal from Petitioner's 2008 resentencing would have been "futile" because Petitioner had raised similar legal challenges in his appeal of the 2007 resentencing—all of which were denied by the court of appeals. (*Id.* (citing 28 U.S.C. § 2254(b)(1)(B)(I)-(ii))) Judge Knepp added that in light of the 2007 appeal, an appeal from the 2008 sentencing would have been futile because claims challenging the sentence would have been barred under the doctrine of *res judicata*. (*Id.* at 4–5 (citing *State v. Saxon*, 109 Ohio St. 3d 176, 181 (Ohio 2006))). Judge Knepp then evaluated the merits of Grounds Four through Nine and recommended that this court deny all of the Grounds. (*Id.* at 26–28.)

In his Objection, Respondent argues that Petitioner did not exhaust all available state remedies as it pertains to Grounds Four through Nine because Petitioner did not appeal his 2008 resentencing. (Resp't's Objections 11–12, ECF No. 15.) Respondent further contends that, assuming *res judicata* would have applied in an appeal from the 2008 resentencing, Petitioner's claims were nevertheless procedurally defaulted because Jackson failed to file a timely appeal to the Supreme Court of Ohio from the appellate court's judgment in Jackson's 2007 appeal. (*Id.* at 12–15.) The Supreme Court of Ohio denied Jackson leave to file a delayed appeal. (Dec. 3, 2008 Order, Resp't's Ex. 24, ECF No. 8-1, at 309; Resp't's Objections 13–14, ECF No. 15.) In his Motion to File a Delayed Appeal with the Ohio Supreme Court, Petitioner raised the very same claims that he is now raising in Grounds Four through Nine. (Mot. for Delayed Appeal, Resp't's Ex. 23, ECF No. 8-1, at 303–304.) Thus, Respondent argues that the Supreme Court of Ohio's decision denying a motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of the petitioner's habeas corpus petition. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *Coleman v. Thompson*, 501 U.S. 722, 740 (1991)).

Petitioner was originally sentenced on November 18, 2005. (*See* Nov. 28, 2005 Judgment Entry, Resp't's Ex. 6, ECF No. 8-1, at 17-22.)  Petitioner appealed his sentence, and the state court of appeals affirmed his convictions, but remanded the case to state trial court for resentencing.  *See Jackson*, 2006 WL 3718286, at ¶ 42, *appeal not allowed*, *State v. Jackson*, 865 N.E.2d 914 (Ohio May 2, 2007) (table decision).  On June 15, 2007, the state trial court resentenced Petitioner to the same aggregate prison term. Petitioner appealed his June 2007 sentence, and the state court of appeals once again vacated his sentence and remanded the case to the state trial court for resentencing. *State v. Jackson*, No. 2007-CA-204, 2008 WL 2955395, ¶ 22 (Ohio Ct. App. 5 Dist

- 24 -

July 28, 2008). Petitioner filed a Motion to File a Delayed Appeal with the Ohio Supreme Court (Mot., Resp't's Ex. 23, ECF No. 8-1), which was subsequently denied by the Ohio Supreme Court on December 3, 2008. (Order, Resp't's Ex. 24, ECF No. 8-1.) Meanwhile, the state trial court sentenced Petitioner once again pursuant to the July 28, 2008 remand order from the court of appeals. (Judgment Entry, Resp't's Ex. 25, ECF No. 8-1, at 310–14.) Petitioner did not appeal this latest resentencing, nor has he filed a motion for leave to file a delayed appeal under Ohio Appellate Rule 5(A).

Under 28 U.S.C. § 2254(b)(1), a federal habeas corpus petitioner must first exhaust state court remedies unless:

> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.* Exhaustion serves an interest in federal-state comity by giving state courts the first opportunity to address and correct potential violations of a prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, (1995) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).The Sixth Circuit has held that "a *habeas* court should excuse exhaustion where further state action 'would be an exercise in futility.'" *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005) (quoting *Lucas v. People of the State of Michigan*, 420 F.2d 259, 262 (6th Cir. 1970).

In this case, Judge Knepp concluded that *res judicata* would render further appeals on the above-mentioned grounds futile. (R&R 4–5, ECF No. 13.) The court disagrees. The Ohio Supreme Court has held that "void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*,

- 25 -

942 N.E.2d 332, 343 (Ohio 2010). While the Court in *Fischer* limited its holding and further held that "when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended," *id.* at 341, in this case Petitioner was sentenced *de novo* pursuant to the relevant precedent at the time, *State v. Bezak*, 868 N.E.2d 961, 964 (Ohio 2007) ("[W]hen a trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing . . .the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing. The trial court must resentence the offender as if there had been no original sentence."). *See also State v. Banks*, 2011 WL 806413, at *14, n. 4 (Ohio Ct. App. 9 Dist. Mar. 9, 2011) (distinguishing *Fischer* as not involving a case where "original sentence was vacated in its entirety" and "the trial court . . . required to conduct a de novo sentencing hearing"). The record in this case confirms that Petitioner was sentenced *de novo* on August 18, 2008. (Judgment Entry, Resp't's Ex. 25, ECF No. 8-1, at 310–14); *see also Jackson*, 2008 WL 2955395, at ¶¶ 18–22. Thus, further "corrective process" remained available to Petitioner. 28 U.S.C. § 2254(b)(1)(B)(I). In this case, Petitioner did not argue that a direct appeal or a motion for discretionary delayed appeal under Ohio Appellate Rule 5(A) motion would have been "so clearly deficient" that it would have been futile for Petitioner to avail himself of these remedies. Indeed, Judge Knepp noted that "Petitioner ignores this issue in his traverse." (R&R 4, ECF No. 13.) Thus, this court finds that Petitioner failed to exhaust his remedies with respect to Grounds Four through Nine, and therefore adopts Judge Knepp's ultimate recommendation to deny the writ with respect to these grounds.

### III.  CONCLUSION

The court finds, after a review of the Report and Recommendation and all relevant documents

- 26 -

in the record, that Petitioner's Petition is dismissed. (ECF No. 1.) The court adopts Judge Knepp's

Report and Recommendation for Grounds One and Two. (ECF No. 13.) The court declines to adopt

Judge Knepp's Recommendation pertaining to Ground Three. The court denies Ground Three of the

Petition. The court further adopts Judge Knepp's Recommendation pertaining to Grounds Four

through Nine in result only. The court finds that Grounds Four through Nine have not been

exhausted in state court, and are thus precluded from habeas review. The court further certifies that,

pursuant to 28 U.S.C. §1915(a)(3), an appeal from this decision could not be taken in good faith, and

there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

September 21, 2011